UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHELTON PIERRE,

Petitioner,

v. Case No.: 2:26-cv-02761-SPC-KRH

DAVID HARDIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Shelton Pierre's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Pierre is a native and citizen of Haiti who lawfully entered the United States with his now four-year-old son under the Haitian Humanitarian Parole program on July 15, 2024, with admission approved until June 12, 2025. He timely filed an asylum application with U.S. Citizenship and Immigration Services, received work authorization, and had temporary protected status until July 27, 2026. He has no criminal history. On August 8, 2026, local police arrested Pierre during a traffic stop and handed him over to Immigration and Customs Enforcement (ICE). On September 21, 2026, an immigration judge found he lacked jurisdiction to consider Pierre's request for release on bond because the government classified him as an arriving alien.

In his habeas petition, Pierre argues his continued detention without an opportunity for release on bond violates the Due Process Clause of the Fifth Amendment. In response, the government certifies it is detaining Pierre under 8 U.S.C. § 1226(a) and concedes he is entitled to a bond hearing under *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). The government does not address whether Pierre has received due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the

Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Pierre's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Because ICE classified Pierre as an "arriving alien," the immigration judge found he had no authority to consider ordering Pierre's release, regardless of the circumstances. Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Pierre's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Pierre's detention serves neither purpose. He has actively engaged with federal

government to lawfully enter the country, apply for asylum, and obtain and maintain work authorization, and he has no criminal history. The record is devoid of any evidence suggesting Pierre is a flight risk or poses a danger to the community.

For these reasons, the Court finds that ICE violated Pierre's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Shelton Pierre's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Pierre and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record